IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1-03-10090-T |
| ) | |
| HEATHER MICHELLE LEE, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING APPEAL

Defendant Heather Michelle Lee pled guilty to possession with intent to distribute less than five (5) grams of methamphetamine in violation of 21 U.S.C. §941(a)(1). On May 3, 2005, she was sentenced to a term of thirteen (13) months imprisonment with the United States Bureau of Prisons. Defendant then filed a Notice of Appeal from the judgment to the Sixth Circuit. Before the court is Defendant's motion for bond pending appeal pursuant to 18 U.S.C. § 3143(b). Defendant argues that her motion should be granted because if the Sixth Circuit finds in her favor, the result might be a sentence without imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process; thus, if Defendant is required to serve her sentence before her case is determined by the Sixth Circuit, an injustice may occur.

A person found guilty of an offense and sentenced to a term of imprisonment must be detained unless the court concludes 1) by clear and convincing evidence, that she is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of imprisonment less than the total time already served plus the expected duration of the appeals process. 18 U.S.C. § 3143(b); United States v. Chilingirian, 280 F.3d 704, 709 (6th Cir. 2002); United States v. Pollard, 778 F.2d 1177, 1181 (6th Cir. 1985). "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that question is so integral to the merits of the conviction that it is more probable than not that a reversal or new trial will occur if the question is decided in the defendant's favor." Pollard, 778 F.2d at 1182 (internal citation omitted).

Section 3143(b) creates a presumption against release pending appeal. United States v. Vance, 851 F.2d 166, 168-69 (6th Cir. 1988). Because the defendant is subject to the mandatory detention provision in 18 U.S.C. § 3143(b)(2), she must not only meet the criteria for release established in § 3143(b)(1) but must also demonstrate "exceptional reasons why [her] detention would not be appropriate." 18 U.S.C. § 3145(c); United States v. Lanier, 120 F.3d 640, 642 (6th Cir. 1997) (en banc) (Nelson, J., concurring).

In the present case, Defendant has merely asserted that a positive finding by the Sixth

2

Circuit might result in an injustice. Defendant has not presented any facts in her motion that would rebut the presumption of § 3143(b). Therefore, Defendant has failed to carry her burden in establishing that the issues raised on appeal create a close question that could go either way or that it is more probable than not that a reversal or new trial will occur if the questions are decided in her favor. Consequently, Defendant's motion is DENIED.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

24 May 2005
DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 46 in case 1:03-CR-10090 was distributed by fax, mail, or direct printing on May 26, 2005 to the parties listed.

---

April Rose Goode
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT