IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.

05 JUN 22 AM 9: 15

ROBERT R. DI TROLIO
CLERK, U.S. DIST CT.
W. D. OF TN JACKSON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1-03-10090-T |
| ) | |
| HEATHER MICHELLE LEE, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF
SENTENCE DUE TO *EX POST FACTO* CONSEQUENCES

Defendant Heather Michelle Lee pled guilty to possession with intent to distribute less than five (5) grams of methamphetamine in violation of 21 U.S.C. §941(a)(1). On May 3, 2005, she was sentenced to a term of thirteen (13) months imprisonment with the United States Bureau of Prisons. Defendant files this motion for reconsideration of her sentence in light of the recent Supreme Court decision of United States v. Booker, 125 S.Ct. 738 (2005). Defendant contends that Booker and the *ex post facto* clause of the Fifth Amendment bar imposition of a sentence greater than that of a base offense level of twelve (12) and a sentence of zero (0) to six (6) months in prison pursuant to the Federal Sentencing Guidelines. Defendant argues that the court erred by sentencing her to a term of thirteen (13) months because it exceeded the six-month maximum listed in the Guidelines.

Booker considered the constitutionality of the Federal Sentencing Guidelines. The

first issue raised in Booker was the effect of facts not admitted during a defendant's guilty plea or heard by a jury. Justice Stevens, writing for the majority, stated that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. At 756. The second issue addressed in Booker considered whether the Guidelines were mandatory. Justice Breyer, writing for the majority, stated that the Guideline system would be "advisory while maintaining a strong connection between the sentence imposed and the offender's real conduct." Booker, 125 S.Ct. at 769. Further, the Booker court held that its ruling would be applied retroactively on all cases pending on direct review or not yet final. Id.

Defendant's offense occurred on September 2, 2003, and she was sentenced on May 3, 2005. The Booker decision was released by the Supreme Court on January 12, 2005. Consequently, Defendant falls into the limited class of cases of persons whose offenses occurred prior to Booker, but whose sentencing occurred after Booker. As such, she now argues that the *ex post facto* clause prevents the court from increasing her sentence pursuant to Booker's holding that the Guidelines are advisory only.

Article 1 of the United States Constitution provides that neither Congress nor any State shall pass any "ex post facto Law." Art. 1, § 9, cl. 3; Art. 1, § 10, cl. 1. The *ex post facto* clause prohibits application of a law enacted after the date of the offense that "inflicts

2

a greater punishment than the law annexed to the crime when committed," or "alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of the offense." Calder v. Bull, 3 U.S. 386, 390 (1798). "[T]o fall within the *ex post facto* prohibition, two critical elements must be present: first, the law 'must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.'" Miller v. Florida, 482 U.S. 423, 430 (quoting Weaver v. Graham, 450 U.S. 24, 29 (1981)). A law is retrospective if it "changes the legal consequences of acts completed before its effective date." Weaver, 450 U.S. at 31; see also Miller, 482 U.S. at 430 (holding that Florida's revised sentencing guidelines were in violation of the *ex post facto* clause where, at the time the defendant committed the crime, the presumptive sentence was three-in-a-half to four-in-a-half years in prison but at the time of sentencing the guidelines required imposition of a seven-year sentence). "[N]o *ex post facto* violation occurs if the change in the law is merely procedural and does 'not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt.'" Miller, 482 U.S. at 433 (quoting Hopt v. Utah, 110 U.S. 574, 590 (1884)).

In the present case, Defendant, when offering a guilty plea, did not admit the drug charges described in paragraphs 3, 4, 9, 14, 17, and 38 of the pre-sentence report. Prior to Booker, the court would have been able to include the drug amounts not admitted to based only upon Defendant's guilty plea. Thus, before Booker, Defendant would have had a base offense level of thirty (30), reduced to twenty-five (25) after taking into account her criminal

3

history and acceptance of responsibility. Under the Federal Sentencing Guidelines, which were mandatory pre-Booker, Defendant's sentencing range would have been 57-71 months in prison.

After Booker, however, the court could not sentence Defendant for the drug amounts not admitted to. Accordingly, Defendant's base offense level–when these offenses were removed–was reduced to twelve (12). After factoring in her criminal history and acceptance of responsibility, Defendant's sentencing level was eight (8). With an eight (8) as the offense level total, the guideline range under the Federal Sentencing Guidelines was zero (0) to six (6) months in prison. However, the statutory maximum for Defendant's offense permits a term of imprisonment of up to twenty (20) years.

The court sentenced Defendant to a term of thirteen (13) months imprisonment. This sentence was an upward departure of the zero to six month range recommended as a result of the Booker reduction.

Defendant's argument for reconsideration of her sentence in light of Booker and the *ex post facto* clause presents an interesting situation. Before sentencing, Defendant argued that Booker required the court to reduce her offense level from thirty (30) to twelve (12). Thus, Defendant used Booker to her benefit by significantly reducing her offense level. However, although Defendant's offense level was reduced pursuant to Booker, she now argues that the *ex post facto* clause requires the court to stay within the range imposed by the Federal Sentencing Guidelines, *i.e.*, that Booker does not apply and the Guidelines are

4

mandatory, and consequently, the court cannot sentence her to a prison term higher than the amount stated in the Guidelines. As a result, she contends that the court erred by sentencing her in excess of six months in prison under Booker.

The flaw in Defendant's argument is that she seeks the benefit of Booker–to reduce her offense level–but does not want the court to follow Booker's holding that the Federal Sentencing Guidelines are advisory, not mandatory. Defendant cannot pick and choose which parts of precedent she would like the court to follow. This court is bound by Booker's entire holding. Booker clearly applies to Defendant as it specifically states that it applies to "all cases on direct review," 125 S.Ct. at 769, and Defendant's case was on review at the time Booker was decided. In addition, by arguing that Booker required a reduction of her base offense level, Defendant has conceded that Booker applies to her case.

Pursuant to Booker, the Federal Sentencing Guidelines are now advisory only. After considering the Guidelines, the court sentenced Defendant to a prison term of thirteen (13) months. The court did not sentence Defendant to a term of imprisonment that exceeded the twenty (20) year statutory maximum, which would not be allowed after Booker. Nor did Defendant receive a sentence that was longer than she would have received in a pre-Booker situation. Before Booker, the court would have been mandated to impose a sentence in the range of 57-71 months under the Guidelines. Thus, Defendant was not disadvantaged as a result of application of Booker because the sentence imposed by the court was substantially shorter. See Miller, 482 U.S. at 430, 432, 433. Although the court did exceed the post-

5

Booker recommended guideline range, the Supreme Court states that Congress could not have intended a situation where a defendant gets only a reduction from the Guidelines but no enhancements.  Booker, 125 S.Ct at 763.

Accordingly, Defendant's motion to reconsider her sentence due to Booker and the *ex post facto* clause is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

20 June 2005
_____
DATE

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 55 in case 1:03-CR-10090 was distributed by fax, mail, or direct printing on June 22, 2005 to the parties listed.

---

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

April Rose Goode
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT